# United States District Court
# Southern District of Iowa

| | |
|---|---|
| United States of America, )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>John Robert Muriello, )<br>   Defendant. ) | Case No. 3:22-cr-00059-SMR-SBJ-1 |

**ORDER OF DETENTION PENDING TRIAL**
**Part I – Eligibility for Detention**

A.   There is probable cause to believe that Defendant has committed an offense as charged:
Ct. 1: 21:841(a)(1), 841(b)(1)(A), 846 Drug Conspiracy

Ct. 2: 18:2252(a)(4)(B), 2252(b)(2) Possession of Child Pornography

B.   Upon the:
☑ Motion of the Government pursuant to 18 U.S.C. § 3142(f)(1) [appearance/safety],
☐ Motion of the Government, or Court's own motion, pursuant to 18 U.S.C. § 3142(f)(2) [risk of flight/obstruction of justice],

The Court held a detention hearing and found that detention is warranted. This Order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing. Defendant has been afforded the presumption of innocence.

**Part II – Findings of Fact and Law as to Presumptions under § 3142(e)**

A.   **Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses):*  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☑ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. §§ 70501-70508); **or**

☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b; **or**

☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☑ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **B. Conclusions Regarding Applicability of Any Presumption Established Above**

 ☐ The defendant has not introduced sufficient evidence to rebut the presumption of detention, and detention is ordered on that basis.

 **OR**

 ☑ The defendant has presented evidence sufficient to rebut the presumption of detention, but after considering the factors discussed below, detention is warranted.

### Part III – Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

 ☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

 ☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Nature and circumstances of the offense charged
- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ☐ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole or supervision
- ☐ History of violence or use of weapons
- ☑ History of alcohol or substance abuse or mental health issues that are unresolved
- ☐ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of significant community or family ties to this district or other appropriate community
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States:    ☐ Detainer filed
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release
- ☐ Lack of appropriate Third-Party Custodian
- ☑ Lack of release plan that provides for adequate supervision
- ☐ Pending charges/warrants:
- ☐ Need for more supervision than available at re-entry or treatment facility
- ☑ Electronic monitoring inadequate to ensure safety of community

**Further Findings**

<u>For the reasons stated on the record, detention is appropriate and the government has met its burden of proof as to danger. Mr. Muriello presents many factors suggesting release, as stated by the Court on the record. However, the nature and circumstances of these two offenses are such that detention is appropriate. Either charge, by itself, might lead to that conclusion. However, the combination of both charges, involving long-term, extremely dangerous behavior demonstrate release is not appropriate, even given the strong third party custodians presented as a release option. The Court is also concerned that use of controlled substances by Mr. Muriello continued even after search warrants were executed in this case and he knew law enforcement was looking into his activity.</u>

**Part IV – Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: August 2, 2022

*Judge's signature*

Stephen B. Jackson, Jr., U.S. Magistrate Judge

*Printed name and title*

**FURTHER REVIEW**
A party may request a subsequent detention hearing before a Magistrate Judge if there is new information that has a material bearing on the conditions of release that was not known to the movant at the time of the initial detention hearing.  18 U.S.C. § 3142(f).

**APPEAL**
Pursuant to 18 U.S.C. § 3145, Defendant may appeal an Order of Detention to a District Court Judge.  Defendant shall request a copy of the transcript of the detention hearing; the cost of the transcript will be paid by the Court if Defendant cannot afford it.  There is no automatic stay of this Order if it is appealed.